### DUHME JEWELRY CO. v. LEVI P. HAZEN.

1. TIME ONLY ONE OF ELEMENTS IN FIXING VALUE OF SERVICES.

In fixing the value of services rendered, the time consumed in the performance of the service is only one of the elements to be considered.

2. PLAINTIFF'S OPINION AS TO VALUE OF SERVICES PROPERLY ADMISSIBLE, BUT IF EXCLUDED ESTOPS DEFENDANT TO DENY THAT EVIDENCE ADDUCED THEREON.

The opinion of the party performing the services is competent, in a suit for recovery of their value, and where the defendant causes such opinion to be excluded, he can not afterward say that no evidence as to value has been submitted to the jury.

3. VERDICT MAY BE BASED ON CHARACTER AND EXTENT OF SERVICES, INDEPENDENT OF OPINION OF WITNESSES.

Moreover, testimony as to the facts touching the character and extent of the services is evidence of their value, independent of the opinion of the witnesses.

4. QUESTION CALLING FOR MERE CONCLUSION NOT PREJUDICIAL IF JURY IN POSSESSION OF FACTS ON WHICH CONCLUSION BASED.

A question which was incompetent for the reason that it called for a conclusion, is rendered harmless where the answer put the jury in possession of the facts upon which the witness based his opinion.

5. NO ERROR IN OMISSION OF INSTRUCTION NOT TO CONSIDER PETITION AS EVIDENCE.

The omission of a special instruction that the jury are not to consider the statement of plaintiff's claim in his petition as evidence is not prejudicial error.

ERROR to Hamilton common pleas court.

**Jones & James,** for plaintiff in error.

**O'Hara & Jordan,** for defendant in error.

**GIFFEN, J.**

The original action was commenced to recover for services rendered in effecting a lease which involved a definite rental of $33,500, with a privilege of renewal, embracing a rental to the amount of $16,250.

Neither the pleadings nor the evidence warrant the conclusion that the plaintiff relied upon a promise to pay him the value of his time alone, but, on the contrary, he relied upon the promise to pay him the reasonable value of his services, time being only one of the elements of value of such services.

After proving the facts pertaining to the character and extent of the services which the plaintiff rendered, he offered his opinion of

their value, but upon objection of counsel for the defendant, the court excluded it and thereupon counsel for defendant requested the court to instruct the jury that if they find for the plaintiff, the verdict for the plaintiff shall be one cent, which charge the court refused to give, and defendant by its counsel then and there excepted.

We think the opinion as to the value of the services was competent, but that the defendant having caused the same to be rejected should not afterwards be permitted to say that no evidence of value was before the jury, and besides, independent of the opinion of witnesses, the facts touching the character and extent of the services were themselves evidence of their value and would require the jury to return a verdict for the plaintiff for substantial damages.

The following question in the deposition of Jacob A. Kohner was objected to by the defendant; the objection overruled, to which counsel for defendants excepted:

"In your opinion, as president of the McAlpin Company, and as the office of that company who negotiated the leasing of these premises and who executed the lease from the Duhme Jewelry Company, is it your opinion that the leasing of the aforesaid premises was brought about by the efforts of Mr. Hazen and entirely through his efforts?"

This called for a mere conclusion of the witness from the facts within his knowledge which were or ought to have been offered in evidence, and was therefore incompetent. But in view of the answer given: "Yes, fully through him, from the fact there was nobody else to negotiate with until the final drawing up of the lease at the attorney's office," it was not prejudicial for the reason that the jury was put in possession of the sole fact upon which the witness based his opinion.

The special charge, that the jury are not to consider the statement of plaintiff's claim in his petition as evidence in the case, might well have been given, although we fail to see how its omission could mislead the jury or prejudice the rights of the defendant. The reason for its refusal assigned by counsel for defendant in error is unsound; it was not requested to be given before argument to the jury nor in writing, and hence Subd. 5 of Lan. R. L. 8699 (R. S. 5190), has no application.

The damages assessed appear to be not excessive and the judgment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.